UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EARL LINDSEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN AIRLINE, INC.,<br><br>　　　　　Defendant. | Case No. 24-cv-01440-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## I. INTRODUCTION

This case concerns an altercation between Plaintiff James Earl Lindsey and a flight attendant on an international flight operated by Defendant American Airlines, Inc. ("American"). Lindsey advances six claims for relief. Specifically, he avers he faced unlawful discrimination pursuant to 42 U.S.C. § 1981 and Title VI of the Civil Rights Act of 1964, American was negligent in breaching its duty to provide him safe transportation, a flight attendant assaulted and battered him, American was negligent in its hiring and training of the flight attendant, and American's conduct constituted intentional infliction of emotional distress. American moves to dismiss for failure to state a claim for relief on the grounds the Montreal Convention preempts all six claims.[1] For the reasons set forth below, American's motion is granted.

---

[1] Pursuant to Federal Rule of Evidence 201, American requests that judicial notice be taken of a document listing the parties that have signed on to the Montreal Convention. See Dkt. 19. Judicial notice is appropriate as this document is published by a governmental agency and is not subject to reasonable dispute. *See Barber v. Nestlé USA, Inc.*, 154 F. Supp. 3d 954, 958 n.1 (C.D. Cal. 2015).

## II. BACKGROUND[2]

Lindsey, a resident of Santa Rosa, California, and an African American man, was a coach passenger on a flight from the Dominican Republic to Miami operated by American on February 18, 2024. Inclement weather kept the flight grounded in the Bahamas for over two hours. While the flight was grounded, Lindsey waited in line for approximately ten minutes to use the bathroom at the front of the plane. However, when his turn arrived, a flight attendant cut in front of him. Lindsey avers the flight attendant had been watching the line progress and cut in front after the last non-Black passenger exited the bathroom. When the flight attendant exited the bathroom, Lindsey said, "that was not very polite." Compl. at 3. In response, the flight attendant said, "I work here, and you have to use the restroom in the back" and poked Lindsey repeatedly on the upper chest and shoulder area. *Id.* Lindsey claims this poking caused him excruciating pain and exacerbated his pre-existing medical condition. In response to this physical contact, Lindsey cursed at the flight attendant and proceeded to use the restroom at the front of the plane. He took a picture of the flight attendant after exiting the bathroom, angering the flight attendant. The flight attendant lunged at Lindsey but stopped before making contact. Upon landing in Miami, customer service personnel interviewed Lindsey and two other passengers who observed the altercation.

On March 8, 2024, Lindsey filed suit against American. American moves to dismiss all six of Lindsey's claims as well as Lindsey's request for punitive damages.

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows

---

[2] The factual background of this case is based on the well-pled allegations in the complaint, which are taken as true for the purposes of this motion.

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir. 1996).

## IV. DISCUSSION

### A. Preemption under Montreal Convention

The Montreal Convention is an international agreement governing airline liability to which the United States is a party. Like its predecessor, the Warsaw Convention, the Montreal Convention "provides the exclusive set of remedies for international passengers seeking damages against airline carriers." *Narayanan v. British Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014). The Warsaw and Montreal Conventions were designed to curb airline exposure to unlimited liability by creating uniform laws and procedures for damages sustained on international flights. Allowing plaintiffs recourse through domestic law, even if no remedy is available under the Montreal Convention, would undermine this intention. *See El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 160–61 (1999).[3] Therefore, the Montreal Convention preempts state and federal

---

[3] While the Warsaw Convention no longer applies to claims brought after 2003, case law interpreting the Warsaw Convention is applicable to cases arising under Montreal Convention

claims that fall within its substantive scope. *Id.* at 171–72.[4] Courts "look to the Convention's liability provisions" to determine whether a claim lies within its substantive scope. *King v. American Airlines, Inc.,* 284 F.3d 352, 358 (2d Cir. 2002).

Articles 17, 18, and 19 of the Montreal Convention impose three categories of liability on air carriers. Article 18 covers damage to cargo. Convention for the Unification of Certain Rules for Int'l Carriage by Air, art. 18, May 28, 1999, S. Treaty Doc. No. 106-45, 1999 WL 33292734 ("Montreal Convention"). Article 19 addresses damages caused by delays to passengers, baggage, or cargo. *Id.* art. 19. Most relevant to this case, Article 17 deals with bodily injuries suffered by passengers. *Id.* art. 17. It covers all claims for personal injury suffered either while "onboard an aircraft or during a passenger's embarking or disembarking of the aircraft." *Smith v. American Airlines, Inc.*, No. 09-cv-2903, 2009 WL 3072449, at *3 (N.D. Cal. Sept. 22, 2009). The Montreal Convention preempts state and federal claims that fall within these liability provisions.[5]

### B. Negligent Conduct (Claims 3 and 5)

Lindsey avers American breached its duty to provide him with safe transportation and that, as a result of this breach, Lindsey suffered physical injury. Plaintiff also contends American was negligent in its hiring, training, and retention of the flight attendant who injured him. Article 17 of the Montreal Convention preempts these claims.

---

where the "equivalent provision[s]" are substantively identical. *Narayanan,* 747 F.3d at 1127; *Phifer v. Icelandair*, 652 F.3d 1222, 1223 n.1 (9th Cir. 2011).

[4] Even where claims fall within the Montreal Convention's substantive scope, "punitive, exemplary or any other non-compensatory damages shall not be recoverable." Montreal Convention art. 29. Article 22(5) does lift certain monetary caps if the damage resulted from intentional conduct. *Id.* art. 22(5). However, this carve-out does not extend to the express prohibition of punitive damages. *See, e.g., Jack v. Trans World Airlines, Inc.,* 854 F. Supp. 654, 663 (N.D. Cal. 1994). Thus, though Lindsey seeks punitive damages here, the Montreal Convention prohibits them.

[5] Lindsey points to the doctrine of complete preemption in his response. No binding authority has confirmed whether the Montreal Convention completely preempts state law claims (thereby removing them to federal court) or simply operates as an affirmative defense. *Jensen v. Virgin Atl.*, No. 12-cv-6227, 2013 WL 1207962, at *3 (N.D. Cal. 2013). Regardless, this is not a removal case and the doctrine is not implicated.

Under Article 17, "a carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Montreal Convention, art. 17. "Accident" is defined as "an unexpected or unusual event or happening that is external to the passenger." *Air France v. Saks,* 470 U.S. 392, 405 (1985). The injury cannot be a result of the passenger's own "internal reaction" to normal airplane operations. *Id.* at 395. In addition, purely mental injuries do not constitute "accidents" under Article 17. *Eastern Airlines, Inc. v. Floyd,* 499 U.S. 530, 534 (1991). If no remedy exists under the Montreal Convention, alternative recourse through domestic law is still prohibited. *El Al Israel Airlines,* 525 U.S. at 160–61.

State law claims for negligence are preempted under Article 17. *See, e.g.*, *Meirer v. Scandinavian Airlines Sys.,* No. 20-cv-5762, 2021 WL 148240, at *4 (N.D. Cal. Jan. 15, 2021). Lindsey's negligence claims lie squarely within the substantive scope of Article 17 because American's alleged breach of duty to provide safe transportation occurred midway through the international flight. Similarly, Lindsey's claim for negligent hiring, retention, and training of the flight attendant are preempted by the Montreal Convention. Although American's hiring and training of the flight attendant did not take place during an international flight, the harm alleged by Plaintiff occurred during an international flight. The Montreal Convention preempts preflight actions resulting in harm sustained during international travel. *See, e.g.*, *Bandary v. Delta Airlines, Inc.,* No. EDCV 17-1065 DSF (ASx), 2017 WL 11810992, at *1 (C.D. Cal. Sept. 19, 2017) (finding the Montreal Convention preempted a negligent hiring, training, and supervision claim); *see also Thede v. United Airlines, Inc.*, 796 F. App'x 386, 388 (9th Cir. 2020) (focusing on whether claim arose out of injuries suffered while passenger was aboard plane).

Lindsey also contends exacerbation of pre-existing injuries during international travel does not qualify as an "accident" under Article 17. However, claims that negligent conduct aggravated pre-existing health conditions are preempted by the Montreal Convention. *See, e.g.*, *Olympic Airways v. Husain,* 540 U.S. 644, 646 (2004). Thus, Lindsey's negligence claims are preempted.

### C. Discriminatory Conduct (Claims 1 and 2)

Article 17 of the Montreal Convention also preempts Lindsey's federal and state discrimination claims brought pursuant to 42 U.S.C. § 1981 and Title VI of the Civil Rights Act.[6] *See King*, 284 F.3d at 361 (finding discrimination claim preempted where it arose in course of passenger embarking on international flight); *Gibbs v. American Airlines, Inc.*, 191 F. Supp. 2d 144, 145 (D.D.C. 2002) (confirming alleged instance of discrimination occurred on international flight and was therefore preempted). Neither party disputes the alleged discrimination occurred during international travel. Therefore, Lindsey's discrimination claims fall within the bounds of Article 17 and are preempted.

### D. Intentional Conduct (Claims 4 and 6)

Lindsey brings two intentional tort causes of action, averring the flight attendant's physical conduct (poking) constituted assault and battery and inflicted extreme emotional distress. These claims are also preempted by the Montreal Convention because intentional conduct qualifies as an "accident" under Article 17. The definition of "accident" should be construed flexibly. *Air France,* 470 U.S. at 405. While the plain meaning of the word "accident" might seem to imply a lack of intent, state law claims based on intentional conduct are preempted by Article 17. *See Carey,* 255 F.3d at 1051 (Warsaw Convention establishes no exception for intentional conduct). Accordingly, Lindsey's claims for intentional infliction of emotional distress, assault, and battery are preempted.

## V. CONCLUSION

American's motion to dismiss Lindsey's six claims for relief and request for punitive damages is granted. Lindsey's claims are dismissed with leave to amend. A party may amend its

---

[6] Plaintiff references *Jensen v. Virgin Atlantic,* No. 12-cv-6227, 2013 WL 1207962 (N.D. Cal. Mar. 25, 2013) and *Benjamin v. American Airlines, Inc.,* 32 F. Supp. 3d 1309 (S.D. Ga. 2014) in arguing his racial discrimination claims are not preempted. *Jensen* does not mention any federal discrimination cause of action, and *Benjamin* is inapposite because the allegations in that case did not "fall within the scope of the Montreal Convention" and the discrimination claims were dismissed on that basis. 32 F. Supp. 3d at 1320.

pleadings with the leave of the court, which should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Federal Rules "accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 181–82 (1962) (cleaned up). Based on the facts alleged in his complaint, plaintiff may have a valid cause of action under the Montreal Convention. Pursuant to Article 35 of the Montreal Convention, Plaintiff may assert an amended claim under the Montreal Convention within a period of two years from the arrival date of the international flight in Miami.

Thus, to the extent Lindsey wishes to assert claims under the Montreal Convention or otherwise submit an amended complaint, he is directed to do so within 30 days of the date of this order. Should Plaintiff elect not to submit an amended complaint within that time period, this action will be dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: July 18, 2024

_____
RICHARD SEEBORG
Chief United States District Judge