United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES EARL LINDSEY,

   Plaintiff,

  v.

AMERICAN AIRLINES, INC.,

   Defendant.

Case No. 24-cv-01440-RS

**ORDER DEEMING ERRATA AS MOTION SEEKING LEAVE TO FILE SECOND AMENDED COMPLAINT AND DENYING AS MOOT MOTION TO STRIKE AND MOTION FOR LEAVE TO AMEND**

## I. INTRODUCTION

This case concerns an altercation between Plaintiff James Earl Lindsey, proceeding pro se, and a flight attendant on an international flight operated by Defendant American Airlines, Inc. ("American"). For the following reasons, Lindsey's "Notice of Errata" is deemed a motion seeking leave to file a second amended complaint ("SAC). Therefore, American's motion to strike portions of the FAC and Lindsey's September 3, 2024 motion seeking leave to amend the FAC are both denied as moot.

## II. BACKGROUND

This dispute stems from an incident on an American-operated flight from the Dominican Republic to Miami in February 2024. Lindsey filed suit against American in March 2024, alleging negligent, intentional, and discriminatory conduct on that flight. American's motion to dismiss Lindsey's complaint, on the grounds that the Montreal Convention preempted his claims, was granted on July 18, 2024. *See* Dkt. 33. Lindsey then filed a first amended complaint. *See* Dkt. 35.

American filed both an answer and a still-pending motion to strike portions of the FAC. *See* Dkt. 39 and Dkt. 40. On September 3, 2024, Lindsey filed a document titled "Second Motion to Amend," which appears to seek leave to amend his FAC. *See* Dkt. 41. American timely filed its opposition to that motion on September 17, 2024. *See* Dkt. 45. Two days later, Lindsey filed a "Notice of Errata" explaining that he intended for his September 3 motion to replace the FAC entirely with his second amended complaint. *See* Dkt. 46. On September 24, 2024, American filed objections to Lindsey's errata. *See* Dkt. 47.

## III. LEGAL STANDARD

Pro se litigants are not held to the same standard as admitted or bar-licensed attorneys. *E.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pleadings by pro se litigants, regardless of deficiencies, should only be judged by function, not form. *Id.* Nonetheless, a pro se plaintiff is not entirely immune from the civil rules and "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Federal Rule of Civil Procedure 15 provides that parties may amend their pleadings once as a matter of course, provided that amendment occurs within 21 days of service or, if the pleading is one to which a responsive pleading is required, 21 days after service of that responsive pleading. Fed. R. Civ. P. 15(a)(1). Rule 15 also states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit holds "[t]his policy is to be applied with extreme liberality." *Eminence Capital, L.L.C. v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001)). Courts generally consider four factors: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, prejudice to the opposing party carries the most weight. *Eminence Capital*, 316 F.3d at 1052. In addition, courts may also consider whether the plaintiff has previously amended his complaint. *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 2017 WL 3149297, at *2 (N.D. Cal. July 25, 2017).

## IV. DISCUSSION

American contends that because Lindsey has incorrectly filed a notice of errata instead of seeking leave to file a second amended complaint, any attempt to file his SAC should be denied. While a notice of errata is not the correct procedural mechanism, Lindsey as a pro se litigant is not held to the same standard as a represented party. Considering the function rather than the form of Lindsey's notice of errata, it is reasonable to consider Lindsey's September 19, 2024 filing as in fact a motion for leave to file a second amended complaint. Lindsey is still bound by procedural rules and no part of this Order should be construed as exempting him from the proper procedural channels now that he is on notice. Moreover, this order does not adopt Lindsey's proposed deadline to amend the pleadings without need to seek leave.

American also avers that treating the errata as a motion seeking leave to file would be prejudicial to their interests. American is particularly concerned that the filing of an SAC would circumvent its pending motion to strike, as Lindsey's allegations in the SAC mirror those in the FAC. However, American's motion to strike is merely dismissed as moot in light of this grant of leave to file the SAC. American is free to file an opposition to Lindsey's September 19, 2024 filing, which shall be construed as seeking leave to file his second amended complaint. *See* Dkt. 46-1.

**IT IS SO ORDERED**.

Dated: September 24, 2024

RICHARD SEEBORG
Chief United States District Judge